IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CR-0166-DGK |
| ) | |
| JUAN COLBERT, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

A federal grand jury indicted Defendant Juan Colbert ("Colbert") on a single count of being a felon in possession of a firearm. Following a hearing on a motion to suppress, but before any order was entered, Colbert changed his plea to guilty without benefit of a plea agreement. Four months later, the detective who was the Government's sole witness at the suppression hearing, was indicted by a state grand jury on charges of involuntary manslaughter and armed criminal action arising from an on-duty shooting that occurred prior to the suppression hearing. The grand jury also found the detective violated the Fourth Amendment in entering the property where the shooting took place. The detective was subsequently convicted on both charges.

Now before the Court is Colbert's Motion to Withdraw Guilty Plea. ECF No. 68. Colbert argues he has a fair and just reason for withdrawing his guilty plea, namely, he did not know of the detective's wrongdoing at the suppression hearing or when he pled guilty. He contends the Government's failure to disclose this information prevented him from fully litigating his Fourth Amendment claim and investigating other defenses, and also induced him into pleading guilty when he otherwise would not have.

Finding that Colbert's argument essentially boils down to a claim that he misunderstood the strength of the Government's case against him, the motion is DENIED.

**Background**

On May 14, 2019, three detectives with the Kansas City, Missouri, Police Department's ("KCPD") Violent Offender Squad—Dets. Eric DeValkenaere, Troy Schwalm, and Adam Hill—arrested Colbert in the course of investigating him for a domestic assault involving a handgun. After finding Colbert's girlfriend's car, which Colbert had reportedly been using, in the private parking lot of her apartment complex, Det. DeValkenaere allegedly saw Colbert carry a black cinch sack to the car. The detectives arrested Colbert just after he entered the car and sat down in the driver's seat. Guns drawn, they ordered Colbert to step out of the car, close the door, and lie face down on the ground.

During a search incident to arrest, Detective Hill purportedly found a holster in Colbert's waistband and a round of .40 caliber live ammunition in his pocket. After Colbert's girlfriend gave written consent to search the car, the detectives allegedly found a .40 caliber semi-automatic handgun on the front passenger side floorboard. The handgun was equipped with a laser sight and was loaded with fourteen live rounds. Inside the black cinch sack, which was lying on the front passenger seat, the detectives allegedly found three .40 caliber magazines containing ten, thirteen, and fourteen live rounds respectively, and a silver-colored digital scale covered in a white residue. Detectives also recovered two spent .40 caliber shell casings from inside the car near the driver's seat.

During a subsequent Mirandized interview with Detectives Hill and Schwalm, Colbert allegedly told the detectives that he made extra money selling drugs, that he carried the gun for personal protection, and that he had test fired the weapon by shooting it from inside the car.

On May 21, 2019, a federal grand jury indicted Colbert on one count of being a felon in possession of a firearm.

Colbert filed a motion to suppress the firearm and statements made during the arrest on December 4, 2019. He argued the police violated his Fourth Amendment rights when they searched the car, so all the evidence found in the search as well as his statements should be excluded.

On January 10, 2020, a magistrate judge held an evidentiary hearing on the motion. During the hearing, the Government called one witness to testify, Det. DeValkenaere. Defense counsel asserts that just after the hearing ended, the magistrate remarked to her that she would likely deny the motion. Before the magistrate entered her written ruling, however, Colbert changed his plea to guilty on February 20, 2020. He pled guilty without the benefit of a plea agreement.

Four months later, on June 18, 2020, the grand jury in Jackson County, Missouri, indicted Det. DeValkenaere with involuntary manslaughter and armed criminal action in connection with an on-duty shooting that occurred on December 3, 2019.

On December 7, 2020, Colbert filed his Motion to Compel Disclosure of Favorable Evidence. ECF No. 50. After the parties briefed the issue, the Court ordered the Government to provide KCPD's internal affairs file on Det. DeValkenaere for in-camera review. Order Concerning Mot. to Compel dated April 7, 2021, ECF No. 55. After two teleconferences with the parties concerning the scope of what the Government had provided to the Court and what additional material was available, the Government produced the entire 593-page KCPD's homicide file on the shooting for in-camera review.

Relevant to the pending motion, the file arguably contains witness interviews evidencing that Det. DeValkenaere and his partner ran onto the property where the shooting occurred without

probable cause, exigent circumstances, a warrant, or the permission of the property's residents who were sitting outside in front of the house. Det. DeValkenaere and his partner then ran behind the house to a detached garage, arriving at the garage as the suspect-victim was backing his truck into it. The fatal shooting occurred moments later.

On May 13, 2021, the Court issued its order finding there was,

> a colorable claim here that the homicide file contains information relevant to impeachment and DeValkenaere's credibility in this case. A grand jury has charged DeValkenaere with involuntary manslaughter, so there is probable cause supporting this charge. The Government concedes the Jackson County Prosecutor contends DeValkenaere violated the Fourth Amendment during the shooting, and whether DeValkenaere violated the Fourth Amendment is an issue in this case. Indeed, it is Defendant's entire defense. Finally, the Government has also not identified any interest, such as prejudice to the Government, which weighs against disclosure, nor can the Court identify any.

Order Concerning Mot. to Compel dated May 13, 2021, at 5, ECF No. 61. The Court ordered the Government to provide the homicide file to defense counsel for review, subject to a strict protective order.

After reviewing the file, Colbert filed the pending motion to withdraw his guilty plea on June 17, 2021. The motion is premised on two incidents, which Colbert characterizes as "newly discovered evidence." Colbert contends the incidents show Det. DeValkenaere has a propensity for violating suspect's constitutional rights, which is what Colbert alleges happened to him in this case.

The first incident cited in the motion was the December 2019 on-duty shooting, discussed in more detail below.

The second was a 2006 suppression ruling issued by the Circuit Court of Jackson County, Missouri, holding that Det. DeValkenaere obtained a confession in violation of *Miranda v.*

4

Case 4:19-cr-00166-DGK   Document 84   Filed 02/07/22   Page 4 of 10

*Arizona*. The order—which was not reported or otherwise widely available—ruled Det. DeValkenaere "ignored" a suspect's valid invocations of her right to counsel and her right to remain silent. Order Suppressing Statements of Defendant at 5, *State v. Persinger*, No. 0616-CR5606-01 (Jackson County, Missouri, Circuit Court December 18, 2006) ECF No. 68-3. The court specifically wrote that it "rejects Detective DeValkenaere's testimony that [the defendant] never requested her attorney's presence in the course of her two interrogations as being non-persuasive. The inconsistencies and evasive nature of his answers lead this court to reject the truthfulness of this testimony." *Id*. at ¶ 14.

While Colbert's motion to withdraw his plea was pending, Det. DeValkenaere's criminal case was tried in a bench trial in November 2021. On November 19, 2021, the court announced its verdict convicting Det. DeValkenaere of involuntary manslaughter and armed criminal action.

In pronouncing the verdict, the court held Det. DeValkenaere violated the victim's Fourth Amendment Rights. The court specifically found Det. DeValkenaere did not have probable cause to believe a crime had been committed before entering the property; he was not engaged in a hot pursuit; exigent circumstances did not exist for him to enter the property; and he did not have probable cause to obtain a search warrant or arrest warrant. Tr. of Proceedings – Verdict at 679-80, *State v. DeValkenaere*, No. 2016-CR02823 (Jackson County, Missouri, Circuit Court November 19, 2021). The court ruled Det. DeValkenaere and his partner were the initial aggressors in their encounter with the victim, and that Det. DeValkenaere was not acting in lawful self-defense or lawfully utilizing deadly force as a law enforcement officer when he shot the victim.[1] *Id*. at 684-85.

---

[1] This Court is not endorsing the state court's findings of fact or conclusions of law, it is giving them deference for purposes of deciding this order as required by comity and federalism. A federal district court cannot review state court decisions in criminal cases except in limited circumstances, such as habeas corpus, and even then a federal district

5

Case 4:19-cr-00166-DGK   Document 84   Filed 02/07/22   Page 5 of 10

**Standard**

Under Federal Rule of Criminal Procedure Rule 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." This "fair and just" standard is construed liberally but does not create an automatic right to withdraw. *United States v. Trevino*, 829 F.3d 668, 671 (8th Cir. 2016).

"A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). "The defendant bears the burden to establish fair and just grounds for withdrawal." *United States v. Eller*, 955 F.3d 730, 733 (8th Cir. 2020) (quotation omitted). Even if the defendant establishes a fair and just reason, "the court must consider other factors before granting the motion," including "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *Id.* (quotations omitted).

**Discussion**

Colbert contends his motion is supported by the two incidents involving Det. DeValkenaere which Colbert did not know about until after he changed his plea to guilty. Colbert suggests these incidents demonstrate the detective has a propensity for violating suspects' constitutional rights and then lying about these violations under oath. Colbert submits this new information constitutes a fair and just reason to withdraw his guilty plea because it shows, or at least supports, his claim that Det. DeValkenaere illegally searched the car at issue in this case. Mot. at 11. Colbert argues the new evidence should permit him to investigate other potential defenses, and that he would not have changed his plea if he had known this information. *Id.*

---

court is required to give deference to the state court's findings. Erwin Chemerinsky, Federal Jurisdiction § 13.1 (7th ed. 2016).

Colbert attempts to distinguish his motion from the typical motion to withdraw a guilty plea in which a defendant experiences post-plea regret after reading his presentence investigation report. Colbert contends that here, at a minimum, there was an unintentional *Brady* violation, because *Brady* applies to discovery violations known to police but unknown to the prosecution. *See United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) ("Because a prosecutor has a duty to disclose evidence known by police officers, even if not known by the prosecutor, a prosecutor has an attendant duty to learn of such evidence."). There is also newly discovered evidence, namely: (1) the homicide file, which contains information relevant to Det. DeValkenaere's credibility in this case; (2) the grand jury's report that DeValkenaere violated a suspect's Fourth Amendment rights resulting in a homicide—which a court has now found beyond a reasonable doubt.

As for the other factors the Court must weigh in deciding whether to grant the motion, Colbert contends he has asserted his innocence to the charge based on the motion to suppress. To the degree there has been excessive delay between the guilty plea and the motion to withdraw, Colbert argues that any delay should be attributed to the Government because he worked diligently with the Government to negotiate production of the discovery. When those efforts failed, he worked diligently to obtain a court order compelling production of the information on which the motion is based. Colbert also notes the Government cannot demonstrate any prejudice to it if the motion is granted.

Finally, Colbert suggests that denying the motion to withdraw his guilty plea would effectively punish him for the Government's failure to disclose all relevant information regarding the motion to suppress prior to the suppression hearing. Assuming for the sake of argument that he is required to make a preliminary showing of a likelihood of success in re-litigating the motion

to suppress, Colbert argues the Government will face significant hurdles in meeting its burden of demonstrating that his Fourth Amendment rights were not violated during the warrantless search of the car.

The Government makes five arguments opposing the motion. First, it argues the new information is impeachment information, which it contends is not a fair and just reason for withdrawing a guilty plea. The Government notes that with respect to any potential *Brady* violation here, the federal courts of appeal are split over whether *Brady* even applies to suppression hearings, and the Eighth Circuit has not ruled on the issue. Also, it contends it should not be held responsible for failing to provide information related to the on-duty shooting, because Colbert pled guilty in February of 2020, and Det. DeValkenaere was not indicted until four months later. Second, the Government argues the essence of Colbert's argument is that he misunderstood the strength of the Government's case against him, which is not grounds to withdraw a guilty plea. Third, the Government denies that the merits of Colbert's motion to suppress were integral to his decision to change his plea to guilty before the magistrate formally ruled on the motion. Fourth, the Government contends that even if Colbert were allowed to withdraw his plea and reopen the suppression hearing, it is "highly unlikely that any of the information about Det. DeValkenaere could have any effect on the outcome" of the motion to suppress, because there were other detectives[2] at the scene of Colbert's arrest who could offer essentially the same testimony. Resp. at 6, ECF No. 71. Finally, the Government notes that a defendant's belief that he can exclude the evidence demonstrating his guilt is not the same as asserting his actual innocence of the crime. It

---

[2] In its opposition, the Government states there were "three other detectives at the scene of Colbert's arrest." Resp. in Opp'n at 6. This appears to be a typographical error; the record suggests there were two other detectives at the scene, Schwalm and Hill.

notes Colbert is not claiming he is actually innocent of the crime of possessing a firearm as a convicted felon.

The Court rules as follows.

I.  **Defendant has not shown a fair and just reason for withdrawing his plea.**

Colbert argues he has shown a fair and just reason to withdraw his guilty plea, namely, "newly discovered evidence" in the form of Det. DeValkenaere's indictment (and now conviction) in connection with the 2020 shooting, as well as the 2006 suppression ruling finding Det. DeValkenaere's testimony not credible.

As a threshold matter, the Court must decide whether either incident constitutes newly discovered evidence. Colbert cites an out-of-circuit appellate case, *United States v. Garcia*, in support for his claim that both of the above qualify. 401 F.3d 1008 (9th Cir. 2005). But even under *Garcia*, newly discovery evidence is evidence that "did not exist when the defendant entered the plea." *Id*. at 1011 ("Fair and just reasons for withdrawal include . . . newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea *that did not exist when the defendant entered the plea*.") (emphasis added). It does not include a publicly available fourteen-year-old suppression order, even though the suppression order was not published or otherwise disseminated, the defendant was unaware of its existence, and the defendant had no reason to think such an order might exist. To hold otherwise risks expanding new evidence to include existing evidence which a reasonable and competent defense attorney might not know about, which would erode the solemnity and finality of entering a guilty plea, and undermine the

timely and efficient administration of justice. Hence, the suppression order from 2006 is not newly discovered evidence.[3]

Colbert's claim with respect to the KCPD's homicide file containing information about the 2019 on-duty shooting, however, is a closer call. Assuming for the sake of argument it is newly discovered evidence, it does not affect the outcome here.

While this is an unusual case, the Court finds fair and just grounds for withdrawing the motion do not exist. The fact that Defendant did not have access to potentially damaging impeachment information about Det. DeValkenaere does not change the fact that Defendant made a voluntary plea in open court in which he acknowledged he was actually guilty of the crime charged. The fact that he was not aware of the impeachment information against Det. DeValkenaere does not change this fact.[4] The impeachment information simply improves Defendant's chances, by a small degree,[5] that the motion to suppress might have been granted. This is not a fair and just reason to withdraw a guilty plea.

Because Defendant has not established a fair and just reason to withdraw his guilty plea, the Court need not weigh the other factors.

For the reasons stated above, the motion is DENIED.

**IT IS SO ORDERED.**

Date: February 7, 2022              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT

---

[3] Even if it were, the Court would not give it much weight in deciding the pending motion. The Jackson County Circuit Court did not accuse Det. DeValkenaere of committing perjury, much less find him guilty of committing perjury. The state court's credibility finding in that case is not admissible in this case.

[4] The Court emphasizes there is no evidence the attorneys for the Government knew of any inculpatory information against Det. DeValkeneare and failed to turn it over to the defense or otherwise acted unethically.

[5] The Court notes that it appears there were two other detectives on the scene who could provide the same testimony as Det. DeValkenaere, essentially rendering his testimony cumulative.